IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ASA T. CARTER, | ) | |
| | ) | |
| Plaintiff, | ) | 4:05cv3158 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| DENNIS BAKEWELL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Filing No. 24, the Motion to Dismiss filed by defendant-Dennis Bakewell in his official capacity; and Filing No. 28, the Objection to Dismissal filed by the plaintiff, Asa T. Carter, a prisoner in the custody of the Nebraska Department of Correctional Services.  The defendant correct asserts that damages may not be recovered from him in his official capacity because the sovereign immunity recognized and preserved by the Eleventh Amendment to the United States Constitution extends to State employees in their official capacity.  However, damages may be recovered from State employees in their individual capacity, and the plaintiff will be given an opportunity to serve Mr. Blakewell correctly in his individual capacity.  Moreover, injunctive and declaratory relief may be recovered from public employees in both capacities.

As for the sufficiency of the plaintiff's claims, the plaintiff complains of more than placement on administrative confinement and violation of due process (see, e.g., filing nos. 22 and 28).  A claim should be liberally construed in the light most favorable to the plaintiff and should not be dismissed unless it appears beyond a doubt that the plaintiff can prove no set of facts which would entitle him to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Coleman v. Watt, 40 F.3d 255, 258 (8th Cir. 1994).  In light of that strict standard, Filing No. 24 is denied, and Filing No. 28 is granted.  The defendant shall answer the complaint within twenty (20) days of the date of this Memorandum and Order.

IT IS SO ORDERED.

DATED this 1st day of June, 2006.

BY THE COURT:


s/Laurie Smith Camp
United States District Judge