IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ASA T. CARTER, | ) | |
| | ) | |
| Plaintiff, | ) | 4:05cv3158 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| OFFICER BAKEWELL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the following pending motions: (1) Filing No. 35, the Motion to Substitute Parties filed by Dennis Bakewell, in his official capacity; (2) Filing No. 38, the Objection to Motion to Substitute Parties filed by the plaintiff, Asa T. Carter, a prisoner housed at the Lincoln Correctional Center ("LCC"); (3) Filing No. 39, the plaintiff's Motion to Amend to Sue the defendants in both their individual and official capacities; (4) Filing No. 40, the plaintiff's further Objection to Motion to Substitute Parties and Answer; and (5) Filing No. 49, the Motion to Dismiss filed by defendants Mel Rouf and Elaine Wilson.

The plaintiff seeks monetary and injunctive relief for deprivations of due process in connection with prison disciplinary proceedings. In addition, in Filing No. 22, the plaintiff filed an Amendment to his complaint adding defendants Rouf and Wilson and alleging that Wilson wrongfully accused the plaintiff of selling his psychotropic medication and berated and abused the plaintiff, and Rouf threatened the plaintiff with transfer to another prison if Wilson continued to complain about him. The plaintiff also fears retaliation from Wilson and inmates favored by Wilson.

In Filing No. 35, Dennis Bakewell, in his official capacity only, informs the court and the plaintiff, that Diane Sabatka-Rine has succeeded Mr. Bakewell as the Warden of the LCC. As discussed previously, damages may not be recovered from the State of Nebraska or the defendants in their official capacity, because of the sovereign immunity preserved by the Eleventh Amendment to the United States Constitution. However, injunctive and declaratory relief may be recovered. Insofar as the plaintiff seeks injunctive relief from the defendants in their official capacity, the successor Warden, i.e., Diane Sabatka-Rine, is the appropriate LCC Warden in this action, because she is the one who will have the authority to act in the future and carry out the court's orders. Therefore, Filing No. 35, the Motion to Substitute Warden Sabatka-Rine, in her official capacity, for former Warden Bakewell, in his official capacity, is granted. To that extent, Filing Nos. 38 and 40, the plaintiff's Objections, are denied in part.

However, Filing Nos. 38 and 40 are also granted in part. The plaintiff makes the point that he has specifically attempted to sue the defendants in their individual capacity (Filing No. 39) as well as official capacity. The problem is that no defendant in his or her individual capacity has yet been served with process.

In addition, at this point, two defendants have moved to dismiss, in part on the ground that, even if served in their individual capacity, the complaint fails to state a claim on which relief may be granted under the Constitution and laws of the United States. Upon review of the complaint, as amended, the court finds that no claim has indeed been stated on which relief may be granted against Dennis Bakewell, in his individual capacity, or Mel

Rouf, in his individual capacity.[1] Also, as previously explained, because Mr. Bakewell has been replaced as Warden of the LCC, any claim against Bakewell in his official capacity has become moot and must be dismissed.

That leaves Elaine Wilson, who has moved for dismissal in Filing No. 49. As to Wilson, the plaintiff describes abuse of power, threatening behavior and actual or potential retaliation. A motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim for relief tests only the legal sufficiency of the plaintiff's complaint assuming that the factual allegations in the complaint are accepted as true. Springdale Educ. Ass'n v. Springdale School Dist., 133 F.3d 649, 651 (8th Cir. 1998). A claim should be liberally construed in the light most favorable to the plaintiff and should not be dismissed unless it appears beyond a doubt that the plaintiff can prove no set of facts which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Coleman v. Watt, 40 F.3d 255, 258 (8th Cir. 1994). See also Browning v. Clinton, 292 F.3d 235, 241-42 (D.C. Cir. 2002): "[W]e accept the plaintiff's factual allegations as true and construe the complaint 'liberally,' 'grant[ing] plaintiff[] the benefit of all inferences that can be derived from the facts alleged,' .... At the

---

[1] The allegations of the complaint, as amended, state at most a claim of vicarious liability as to Bakewell and Rouf. Neither directly participated in a violation of the Constitution or laws of the United States, even assuming the truth of the plaintiff's allegations. A supervisor cannot be held liable to the plaintiff under 42 U.S.C. § 1983 of the civil rights laws on principles of vicarious liability or respondeat superior for constitutional injuries allegedly inflicted by a subordinate employee such as Wilson. See, e.g., Shrum ex rel. Kelly v. Kluck, 249 F.3d 773, 778 (8th Cir. 2001), *citing* Board of County Commissioners of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 405 (1997) and City of Canton v. Harris, 489 U.S. 378, 385 (1989). Accord Otey v. Marshall, 121 F.3d 1150, 1155 (8th Cir. 1997): "Section 1983 liability cannot attach to a supervisor merely because a subordinate violated someone's constitutional rights."

Rule 12(b)(6) stage, we do not assess 'the truth of what is asserted or determin[e] whether a plaintiff has any evidence to back up what is in the complaint.'"  (Citations omitted.)

Wilson has twice been served with process at the office of the Nebraska Attorney General, which is the location for service of process on a State employee in her official capacity.  The court will grant the plaintiff the opportunity to serve Ms. Wilson in her individual capacity, and, of course, Ms. Wilson, knowing that the U.S. Marshal will be delivering a summons, will not evade service.  This case will thereafter proceed on the basis of the plaintiff's claim against Ms. Wilson in her individual and official capacities and Warden Sabatka-Rine, in her official capacity.  Nothing stated in this Memorandum and Order shall be construed as a prejudgment of the facts in this case.

THEREFORE, IT IS ORDERED:

1. That Filing No. 35, the Motion to Substitute LCC Warden Diane Sabatka-Rine, in her official capacity, for former LCC Warden Dennis Bakewell, in his official capacity, is granted;  and Filing Nos. 38 and 40 are denied to that extent;

2. That Filing No. 49, the Motion to Dismiss filed by defendants Mel Rouf and Elaine Wilson, is granted in part and denied in part as follows:

   a. Mel Rouf in his individual and official capacity is dismissed from this litigation;

   b. Elaine Wilson is not dismissed from this litigation;

3. That Filing No. 39, the plaintiff's Motion to Amend to Sue the defendants in both their individual and official capacities, is granted as to defendant Elaine Wilson and is denied as to all other defendants including Dennis Bakewell and Mel Rouf; and Filing Nos. 38 and 40 are granted in part insofar as the plaintiff may serve Elaine Wilson with process in her individual capacity, as set forth below:

      a.      The Clerk of Court shall send the plaintiff one additional summons form and one additional USM-285 form;

      b.      A government employee is served, in his or her *individual* capacity, at an address, such as home or present place of employment, wherever the defendant can personally be found and will accept service of process herself or through a person authorized to receive a summons on her behalf;

      c.      The plaintiff shall return the completed forms for service of process to the Clerk of Court within thirty (30) days of the date of this Order; the Clerk will then sign the summons, to be forwarded, together with a copy of the complaint, as amended, to the U.S. Marshal for service of process; the court will copy the complaint and all amendments for the Marshal, and the plaintiff does not need to do so;

      d.      The Marshal shall have thirty (30) days thereafter to serve the summons and complaint, as amended, without payment of costs or fees, at the address provided by the plaintiff on the summons; service may be by personal service or by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal; if delivered by certified mail to Elaine Wilson at the LCC, **only** the defendant or a person authorized by the defendant to accept a summons for her shall sign for the certified mail addressed to Ms. Wilson from the U.S. Marshal; service by other means will be considered if the defendant cannot otherwise be served.

      DATED this 6th day of February, 2007.

                                                   BY THE COURT:

                                                 s/Laurie Smith Camp
                                                 United States District Judge