## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ASA T. CARTER, ) | CASE NO. 4:05CV3158 |
| ) | |
| Plaintiff, ) | |
| ) | MEMORANDUM |
| v. ) | AND ORDER |
| ) | |
| DENNIS BAKEWELL, et.al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on Plaintiff, Asa Carter's, Motion for Information Regarding Secret Informants (Filing No. 57); Defendant, Elaine Wilson's, Motion to File Answer Out of Time (Filing No. 60); Plaintiff's Motion to Amend his Complaint (Filing No. 64); Plaintiff's Emergency Motions (Filing Nos. 65, 66, & 68); Plaintiff's Motion to Dismiss Party (Filing No. 69); and Defendants, Diane Sabatka-Rine's and Elaine Wilson's, Motion for Summary Judgment (Filing No. 70).

### FACTUAL BACKGROUND

On November 26, 2004, Plaintiff was observed "open[ing] the unsecured A-2 Unit door operation panel and operating the unit door functions." (Filing No. 72 Exh. No. 1). After witnessing the incident, Case Manager William Boucher completed a misconduct report on the incident and an Interdisciplinary Committee ("IDC") hearing was held on December 7, 2004. (Filing No. 72 Exh. Nos. 1 & 2). Plaintiff states that, at the IDC hearing, he waived his witnesses and witness statements because he was informed by an officer from IDC that he would only receive thirty days disciplinary segregation. (Filing No. 1 p. 5). The IDC found Plaintiff guilty of Offense III-K, Disruption, and Plaintiff received thirty days of disciplinary segregation with credit for time served. (Filing No. 72 Exh. No. 2).

Plaintiff states that on December 17, 2004, Case Manager Boucher came to his cell in segregation and told Plaintiff that he was being investigated for reclassification to Administrative Confinement ("AC"). (Filing No. 1 p. 6). Case Manager Boucher prepared the AC investigation, and on December 18, 2004 Plaintiff received notice of a classification hearing. (Filing No. 72 Exh. Nos. 3 & 4). The hearing was conducted on December 21, 2004, and on December 23, 2004, Plaintiff was placed in AC for ninety days subject to review by March 23, 2005. (Filing No. 72 Exh. 12 ¶ 11).

Plaintiff states that on January 5, 2005, he submitted an appeal to the ninety day AC placement to case manager Dave Skow, but Skow informed Plaintiff that he could not appeal his reclassification until he received paperwork documenting the start of his AC. (Filing No. 1 p. 8-9). On March 21, 2005, Plaintiff was forwarded written notification of the decisions to place him on AC. (Filing No. 72 Exh. No. 6). Plaintiff states that he did not receive this paperwork until March 25, 2005, after he was no longer in AC. (Filing No. 1 p. 8-9).

On February 15, 2005, the Director's Subcommittee held a hearing to review Plaintiff's AC status. The committee determined that Plaintiff should be kept on AC for ninety days and in protective custody for one year. (Filing No. 72 Exh. No. 5). Plaintiff's appeal of the reclassification was denied on April 8, 2005 after a finding that Plaintiff jeopardized the safety, security, and good working order of the institution. (Filing No. 72 Exh. No. 12 ¶ 13).

In his prayer for relief, Plaintiff requests that Defendants be ordered to: (1) immediately release him from confinement and place him back in A unit; (2) give him a

Porter job paying at least $2.25 a day; and (3) pay him $20.00 a day for each day he was held illegally.

On November 30, 2005, Plaintiff amended his complaint to include an additional claim against Elaine Wilson. (Filing No. 22). On April 12, 2007, the Plaintiff filed an additional Motion to Amend his Complaint containing allegations that were identical to the allegations in the November 30, 2005 amendment. (Filing No. 64). Further, the Plaintiff has filed three motions with the court requesting his immediate release from segregation (Filing Nos. 65, 66 & 68). On May 1, 2007, Plaintiff filed a Motion to Dismiss Elaine Wilson as a party. (Filing No. 69). In his motion, Plaintiff states that he wishes to dismiss the claims against Wilson because he is unsure of the claims, and would like to only move forward on the Administrative Confinement Claims against Defendant Sabatka-Rine and the Lincoln Regional Center. Accordingly, the Plaintiff's motion is granted and the claims against Elaine Wilson are dismissed without prejudice. The court will address the Plaintiff's remaining claim below.

## LEGAL ANALYSIS

**Standard of Review**

Summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). *See also Egan v. Wells Fargo Alarm Servs.*, 23 F.3d 1444, 1446 (8th Cir. 1994). It is not the court's function to weigh evidence in the summary judgment record to determine the truth of any factual issue. *Bell v.*

*Conopco, Inc.*, 186 F.3d 1099, 1101 (8th Cir. 1999). In passing upon a motion for summary judgment, the district court must view the facts in the light most favorable to the party opposing the motion. *Dancy v. Hyster Co.*, 127 F.3d 649, 652 (8th Cir. 1997).

In order to withstand a motion for summary judgment, the nonmoving party must substantiate his or her allegations with "'sufficient probative evidence [that] would permit a finding in [their] favor on more than mere speculation, conjecture, or fantasy.' " *Moody v. St. Charles County*, 23 F.3d 1410, 1412 (8th Cir. 1994) (*quoting Gregory v. City of Rogers*, 974 F.2d 1006, 1010 (8th Cir. 1992)). "A mere scintilla of evidence is insufficient to avoid summary judgment." *Id.* Essentially the test is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

**Due Process Violation**

The Plaintiff brings this action pursuant to 42 U.S.C. § 1983 claiming that the Defendants denied him due process by reclassifying him to AC. The Defendants, Sabatka-Rine and Wilson, in their official capacity, have moved for summary judgment arguing that they are entitled to judgment as a matter of law because: Plaintiff has no liberty interest in remaining in the general population, the Defendants are protected by sovereign immunity, and the Plaintiff's claim for injunction is moot.[1]

---

[1] In his complaint the Plaintiff also names Dave Skow, Konda Young, Unknown Boucher, Unknown Pospisil, Unknown Hargraves, and Mel Rouf as Defendants in this case. However, Plaintiff's Complaint did not state whether he was suing the individual Defendants in their individual or official capacities. On Initial Review, the court gave Plaintiff thirty days from October 24, 2005 to amend his complaint to specify whether he was suing any of the individual Defendants in their individual capacity. (Filing No. 11).

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 223 (2005) (citations omitted). Thus, claims regarding the right to either procedural or substantive due process must begin with identification of a protected liberty or property interest. *Singleton v. Cecil*, 176 F.3d 419, 424-25, 425 n. 7 (8th Cir.) (*en banc*), *cert. denied*, 528 U.S. 966 (1999).

In order to constitute a liberty interest, an individual must have a legitimate claim or entitlement to the subject of the deprivation which rises to more than a unilateral hope, or expectation. *Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989). The Supreme Court laid out the test for determining liberty interests in a prison setting in *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995).

> States may under certain circumstances create liberty interests which are protected by the Due Process Clause. But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

I*d.* (citations omitted).

---

Plaintiff did not amend his Complaint to sue any of the individual Defendants in their individual capacities within the thirty days. On June 29, 2006, Plaintiff moved the court to amend his complaint to sue only Defendants Mel Rouf and Elaine Wilson in their individual capacities. The court granted Plaintiff's request to sue Elaine Wilson in her individual capacity and denied Plaintiff's request to sue Mel Rouf in his individual capacity and dismissed him as a party to the case. (Filing No. 55). Accordingly, because Plaintiff has voluntarily dismissed the claims against Elaine Wilson, and all other Defendants were sued in their official capacity only, the resolution of the claims against Sabatka-Rine and Wilson in their official capacity resolve the claims against all named Defendants in this case.

The Eighth Circuit has consistently held that placements in administrative and disciplinary segregation are not atypical and significant hardships under *Sandin*. *See Portley-El v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2002); *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir.1997); *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir.1996); *Wycoff v. Nichols*, 94 F.3d 1187, 1190 (8th Cir.1996). Moreover, in *Phillips v. Norris*, 320 F.3d 844, 848 (8th Cir. 2003), the Eighth Circuit explained that:

> there is no federal constitutional liberty interest in having state officers follow state law or prison officials follow prison regulations. Rather, any liberty interest must be an interest in the nature of the prisoner's confinement, 'not an interest in the procedures by which the state believes it can best determine how he should be confined.'

(Internal citations omitted).

The Nebraska courts have also rejected the argument that segregation alone constitutes an atypical and significant hardship giving rise to a liberty interest under state law. *See, e.g.*, *Martin v. Curry*, 690 N.W.2d 186, 192 (Neb. App. 2004) (inmate had no clearly established liberty interest when prison officials extended his tentative release date from disciplinary segregation and placed him on administrative confinement).

The Plaintiff's complaint does not allege that the act of placing him in AC resulted in an atypical or a significant hardship in relation to the ordinary incidents of prison life. Instead, the Plaintiff complains about the procedures that led to his placement in AC. Specifically, Plaintiff argues that: (1) prior to his December disciplinary hearing Defendants should have given him notice that he could receive ninety days of AC: (2) the investigation leading to his AC was bias; and (3) he was improperly prevented from appealing his reclassification prior to his release from AC. The plaintiff cannot prevail on procedural challenges to his reclassification absent showing that the deprivation he complains about

6

imposed an atypical and significant hardship under *Sandin*. Confinement in administrative segregation or confinement is rarely the kind of "atypical" or significant hardship of prison life necessary to implicate a liberty interest, and therefore the plaintiff's procedural and substantive due process claim challenging his placement in AC must fail. *Sandin*, 515 U.S. at 486.

Therefore, the Defendants are entitled to summary judgment on the Plaintiff's Due Process claim.

**Motions for Emergency Release**

Plaintiff filed three motions requesting immediate release from segregation. (Filing Nos. 65, 66 & 68). From the record before the court, it appears that at the time the Plaintiff filed these motions he should have been released from AC. Therefore, it is not clear whether his current segregative confinement is the result of the reclassification he complains of in this case, or a new disciplinary violation. In any event, the emergency motions contain new allegations and new defendants that are not encompassed in his original or amended Complaint. In his motions, Plaintiff alleges that at the urging of staff, his cell mate allegedly planted drugs and a weapon on him. Further, in one motion Plaintiff alleges that legal documents were taken from his possession; however, in a different motion he states that these documents were returned. The court cannot order Plaintiff's release from segregation based on these general allegations. Moreover, this case was filed on July 5, 2005, and, in the interests of judicial efficiency, the court will not allow the Plaintiff to amend his Complaint to include these new allegations and defendants. Therefore, the Plaintiff's motions are denied.

**Motion to Amend Complaint**

On April 12, 2007, the Plaintiff filed a Motion to Amend his Complaint. (Filing No. 64). The claims in his Motion to Amend his Complaint are identical to the claims in Plaintiff's first Motion to Amend his Complaint, which this court granted on May 30, 2006. (Filing No. 33). Plaintiff has voluntarily dismissed the claims contained in his Amended Complaint; therefore, the Plaintiff's Motion to Amend his Complaint is denied as moot.

IT IS ORDERED:

1. The Plaintiff's Motion Regarding Secret Informants (Filing No. 57) is denied as moot;

2. The Defendant's Motion for Extension of Time to File Answer out of Time (Filing No. 60) is denied as moot;

3. The Plaintiff's Motion to Amend his Complaint (Filing No. 64) is denied as moot;

4. The Plaintiff's Motions for Emergency Release from Segregation (Filing Nos. 65, 66, 68) are denied;

5. The Plaintiff's Motion to Dismiss Party (Filing No. 69) is granted. The claims against Elaine Wilson contained in the Plaintiff's Amended Complaint (Filing No. 22) are dismissed without prejudice;

6. The Defendants' Motion for Summary Judgment (Filing No. 70) is granted. The Plaintiff's Due Process claim is dismissed with prejudice; and

7. A separate Judgment will be entered.

Dated this 13th day of August, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge